FILED

DEC 0 1 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY EDISON BYRD,

Petitioner,

v.

DAVID B. LONG, Warden,

Respondent.

Case No. C 14-2963 PSG (PR)

**ORDER TO SHOW CAUSE**

Anthony Edison Byrd, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Byrd has paid the filing fee. The court orders Respondent Warden David B. Long[2] to show cause why the petition should not be granted.

**BACKGROUND**

According to his petition, on November 30, 2010, Byrd was convicted in San Mateo

[1] This action was initially assigned to Judge Freeman. On October 29, 2014, Judge Freeman issued an order of recusal. That same day, this action was reassigned to the undersigned. On November 12, 2014, Byrd consented to magistrate judge jurisdiction.

[2] A writ of habeas corpus acts upon the custodian of the state prisoner. *See* 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. The warden at the California City Correctional Facility, where Byrd is currently in custody, is presently David B. Long. The court therefore *sua sponte* ORDERS the substitution of David B. Long, Warden, as Respondent in place of "Director of Corrections, California." The Clerk of the Court shall modify the docket accordingly.

Superior Court as a result of pleading nolo contendere to second degree armed robbery, and admitted that he personally used a firearm during the commission of the robbery and that the crime was a serious and violent felony. On January 3, 2011, Byrd was to a term of 12 years.

On March 27, 2012, Byrd filed a state petition for writ of habeas corpus in the San Mateo Superior Court. The petition was denied on April 9, 2013. Byrd then filed a state petition for a writ of habeas corpus in the California Court of Appeal, which was denied on March 13, 2014. Byrd also filed a state petition for writ of habeas corpus in the California Supreme Court, which was denied on June 11, 2014. Byrd filed the instant federal petition for writ of habeas corpus on June 26, 2014.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[3]

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."[4] Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.[5]

### B. Petitioner's Claim

Byrd claims his counsel rendered ineffective assistance. The court orders Respondent to show cause why the petition should not be granted as to this claim.

---

[3] 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[4] 28 U.S.C. § 2243.

[5] *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto (Docket No. 1), and a magistrate judge jurisdiction consent form upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Byrd.

2. Respondent shall file with the court and serve on Byrd, within sixty days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Byrd a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Byrd wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within thirty days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, within sixty days of the date this order is filed. If Respondent files such a motion, Byrd shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and Respondent shall file with the court and serve on Byrd a reply within fourteen days of the date any opposition is filed.

4. It is Byrd's responsibility to prosecute this case. Byrd is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Byrd must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 12-1-14

PAUL S. GREWAL
United States Magistrate Judge